### In re WRIGHT & BARRON DRUG CO.

(District Court, N. D. Georgia. November 25, 1916.)

BANKRUPTCY ⊛140(1)—PROPERTY VESTED IN TRUSTEE—OWNERSHIP IN PROPERTY—CONSIGNMENT OR CONDITIONAL SALE.

Where a stock of paints was consigned by the seller to a dealer, to be insured by him, title to remain in the seller, who was to inventory at regular intervals of 60 days the stock unsold, and charge to the dealer at a price agreed on such as had been sold, and if at a future time either party desired to terminate the arrangement, the dealer to pay for the stock on hand, the goods were held on consignment, not on conditional sale, and on bankruptcy of the dealer could be recovered by the seller.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199; Dec. Dig. ⊛140(1).]

In Bankruptcy. In the matter of the Wright & Barron Drug Company, bankrupt. Petition to review order of referee refusing petition of the Lampton, Crane & Ramey Company to reclaim property. On certificate from referee. Petition granted.

E. P. Treadaway, of Rome, Ga., for intervener.

Graham Wright, of Rome, Ga., for trustee.

NEWMAN, District Judge. This case comes before the court now on a certificate from the referee, showing that he decided certain goods in the possession of the bankrupt at the time of the failure were held by contract of conditional sale and not on consignment. The contract is as follows:

"This contract, entered into this 3d day of January, by and between Lampton, Crane & Ramey Company, a corporation of Louisville, Ky., party of the first part, and Wright & Barron Drug Company, of Rome, Ga., party of the second part, witnesseth that the party of the first part agrees to consign to the party of the second part certain stock of ready mixed paints to be handled and cared for and sold by the party of the second part under the following conditions:

"First. Party of the second part agrees to keep said stock of paint insured against loss by fire and to pay premiums on said insurance.

"Second. Title and ownership of said paint stock to remain in party of the first part until sold and paid for.

"Third. The initial shipment of paint made under this contract will be of such colors and quantities as may be agreed upon between the representatives of the party of the first part and the party of the second part to make a complete stock, and such stock shall be increased and decreased as they may believe to be necessary.

"Fourth. At regular intervals of about 60 days the stock of paint which is unsold shall be inventoried by representatives of party of the first part, and such sales as shall be made from time to time out of the consigned stock shall be charged to the party of the second part at price agreed upon and upon terms of 60 days from each inventory with an allowance of 2 per cent. for payment within 10 days.

"Fifth. If at the end of the year the account should be unsatisfactory to either party, said party shall have the right to terminate contract, and the party of the second part agrees to purchase and pay for any stock which may be on hands."

It is expressly provided by the contract, as will be seen above, that the goods were consigned by Lampton, Crane & Ramey Company to the bankrupt company, and there is nothing whatever in the contract that, to my mind, changes its character from a consignment to a contract of conditional sale. At regular intervals of 60 days the stock unsold was to be inventoried by representatives of the consignor, and such as had been sold charged to the bankrupt at the price agreed upon. If at the end of 1916 either party desired to terminate the arrangement, they could do so, and the bankrupt company would buy and pay for the stock on hand.

Counsel cite the case of Furst Bros. v. Commercial Bank of Augusta, 117 Ga. 472, 43 S. E. 728, and this case is also cited by the referee as authority for the decision reached that this was not a consignment, but a conditional sale. I do not see, even under this case, that the referee is correct in his finding. In the case of Bondurant Hardware Co. (D. C.) 231 Fed. 247, I had a question something like the one now before the court, and in that case it was held that implements delivered by a manufacturer to a dealer, who was not to pay for them until sold, were held on consignment, and could be recovered by the manufacturer after the bankruptcy of the dealer. The facts in that case do not very clearly appear in the report of the case, but I think they were very similar to the facts appearing in this case. There is no pretense in the contract now under consideration that the goods not sold were ever to become the property of the bankrupt company until the end of the year 1916. That time has not yet arrived, and the bankruptcy occurred some months ago.

I am compelled to differ with the referee, and the direction of the court here is that the paints unsold at the time of the bankruptcy be delivered to Lampton, Crane & Ramey Company, the owners of the same.